## JOSEPH GAARE v. LARS MELBOSTAD.[1]

April 29, 1932.

No. 28,888.

*Christian G. Dosland,* for appellant.
*M. A.* and *A. D. Brattland,* for respondent.

HILTON, J.

Action for slander. Plaintiff appeals from an order sustaining a demurrer to his complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

The complaint alleged that the First State Bank of Perley, Minnesota, for many years prior to August 1, 1929, was a banking corporation, organized and existing under and by virtue of the laws of the state of Minnesota, and as such transacted a banking business at Perley; that on or about that date its doors were closed and it was placed in the hands of the commissioner of banks for liquidation; that during practically all the time the bank was transacting business plaintiff was its cashier and managing officer; that on the eighth day of August, 1929, in the village of Perley, defendant maliciously spoke in the presence and hearing of others of and concerning plaintiff these words:

"If Joe (meaning this plaintiff) had not been a crooked son-of-a-bitch that bank (meaning the First State Bank of Perley, Minnesota) would never have gone broke."

[1]Reported in 242 N. W. 466.

It was further alleged in the complaint that said words were false and maliciously spoken by the defendant for the purpose of injuring the plaintiff in his good reputation; that thereby plaintiff has suffered in his reputation to his damage in the sum of $5,000. There followed a demand for judgment in that sum with interest, costs, and disbursements.

There are no special damages pleaded as a proximate result of the statement made. Spoken words, even if calculated to expose one to public contempt, hatred, or ridicule, in the absence of an allegation of special damages, are not actionable, though such published ones are. 4 Dunnell, Minn. Dig. (2 ed.) § 5502, and cases cited. Many libel cases cited by appellant are not in point here. There is no allegation in the complaint that plaintiff either had, or was disparaged or damaged in, a profession, calling, business, occupation, or trade.

It is true that spoken words to be actionable need not in express terms contain a criminal charge. The question however is how would ordinary men naturally understand the language. Richmond v. Post, 69 Minn. 457, 72 N. W. 704. The particular part of the statement which plaintiff complains of is the use in reference to him of the word "crooked." His argument here is that the word as used in the complaint (without further statement) in its ordinary meaning and in and of itself, meant that plaintiff was a "crook." We cannot so conclude. Certainly it was not its obvious and natural meaning. A "crook" is by lexicographers defined as "a professional rogue; a criminal; or one consorting with criminals; a person recognized by the authorities as belonging to the criminal class; swindler; sharp; cheat." It might as well be contended that if defendant had referred to the plaintiff as a member of a "gang," without further statement, it would mean that he was a "gangster" in the criminal sense in which that word is coming to be used. The word "crooked" has many and varied meanings. Plaintiff, quoting from Funk & Wagnalls dictionary, defines it as "not straightforward or upright in conduct; tricky; perverse; dishonest." A bare oral statement that plaintiff was all of these would not

impute to him the commission of a crime. The complaint does not show the use of a word that was slanderous and actionable per se. There are no allegations by way of innuendo and inducement in the complaint. Whether such would be of avail we need not determine.

The foregoing, wherein we construe the complaint before us, disposes of this case. The complaint did not state a cause of action.

Affirmed.

LORING, J. took no part.